IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| MARK EVANS        Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 2:16-cv-00067 Chief Judge Crenshaw |
| GREEN TREE SERVICING LLC., SMITH COUNTY, TENNESSEE, STATE OF TENNESSEE        Defendants. | ) ) ) ) | Magistrate Judge Frensley |

**REPORT AND RECOMMENDATION**

Pending before the Court are Motions to Dismiss filed by Green Tree Servicing LLC,("Green Tree")(Docket No. 16) with supporting memorandum (Docket No. 17); the State of Tennessee (Docket No. 19) with supporting memorandum (Docket No. 20); and Smith County, Tennessee (Docket No. 22) with supporting memorandum (Docket No. 23). The pro se plaintiff has filed a response to each of the motions. Docket Nos. 28, 40 and 41. Defendant, Green Tree has filed a reply to plaintiff's response. Docket No. 34. For the reasons stated herein, the undersigned recommends that each of the defendants' motions to dismiss be Granted and that plaintiff's complaint be dismissed.

**RELEVANT FACTS**

Plaintiff filed a complaint against Green Tree, the State of Tennessee and Smith County, Tennessee arising out of the 2007 purchase of a foreclosed property in Smith County, Tennessee for which he was unable to receive a deed. Docket No. 1. Plaintiff alleges that Green Tree is "guilty of violation of federal and Tennessee Consumer Protection acts as well as breach of contract and breach of deed of contract, and criminal felony fraud and life endangerment." *Id*. He alleges that the State of Tennessee "is guilty of not enforcing state laws and forcing [the] county

to enforce state laws." *Id.* Plaintiff alleges Smith County is "guilty of Fraud, criminal felony fraud, and aidding (sic) and a betting (sic) both as well as life endangerment professinal (sic) mis–contuct (sic) and negulance (sic)." *Id.*

## STANDARD OF REVIEW

1.  **Federal Rule of Civil Procedure 12(b)(1)**

A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack is a challenge to the court's subject matter jurisdiction that takes the material allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *see also, Ohio Nat'l Life,* 922 F.2d at 325.

2.  **Federal Rule of Civil Procedure 12(b)(6).**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential

allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F. 3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F. 2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Churchs Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F. 2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F. 2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

## ANALYSIS

### 1. GREEN TREE SERVICING, LLC

Green Tree asserts that neither federal question or diversity jurisdiction exists in this action and therefore the court lacks subject matter jurisdiction and plaintiff's complaint must be dismissed. Docket No. 17 p. 1. They assert that "plaintiff has failed to plead the citizenship of any party and, therefore, cannot establish diversity jurisdiction." *Id*. at p. 2. They further assert that plaintiff's complaint does not set forth a basis for federal question jurisdiction as the claims asserted are state law claims. *Id.*

3

Plaintiff responds that the court does have jurisdiction insofar as "the Federal Consumer Protection Act, Federal Discrimination and Federal disability Act laws have been violated." Docket No. 28, p. 1 Plaintiff attaches several documents without citation including the definition of consumer fraud, goals of the Federal Trade Commission, description of the American Disability Act, analysis of certain Tennessee code provisions and documents related to property located in Buffalo Valley, Tennessee. Docket No. 28.

    a.    **Federal Question Jurisdiction.**

While plaintiff's complaint asserts violation of the "Federal Consumer Protection Act" and "Federal Discrimination Act," neither of these provide a basis for federal jurisdiction. Plaintiff's complaint does not provide any citations to the federal laws he alleges were violated. The federal code does not include a federal consumer protection act and plaintiff has failed to assert sufficient facts showing that he has a cause of action under any federal statute. The other claims asserted in plaintiff's complaint are all state law claims and do not provide a basis for federal jurisdiction.

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 US 534, 541 (1986) (citations omitted). "To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F. 3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc.*, 431 F. 3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only where plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat' L Bank v. Anderson,* 539 U. S. 1, 6-8 (2003). "Federal question jurisdiction can be established by showing 'federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends

on resolution of a substantial question of federal law.'" *Warthman v. Genoa Twp Board Trustees.*, 549 F. 3d 1055, 1061 (6th Cir. 2008) (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust of S. Cal.*, 463 U. S. 1, 27-28 (1983)).

Looking at plaintiff's complaint, there is simply no claim pled arising under the Constitution, Treaties or Laws in the United States that would provide federal jurisdiction. Plaintiff's reference to nonexistent or vague federal laws is insufficient to satisfy the well pleaded complaint rule and thus there is no basis for federal question jurisdiction in this action.

    **b.**    **Diversity Jurisdiction**

In order for diversity jurisdiction to exist there must be complete diversity of citizenship. *Exact Software N. Am., Inc. v. Demoises*, 718 F. 3d 535, 541 (6th Cir. 2013). The plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. And Sur. Co.,* 177 F. 3rd 210, 222, n. 13 (3rd Circuit 1999).

Plaintiff has not pled the citizenship of any party however, he lists a return address on his pleadings to the court in Tennessee. Clearly, the state of Tennessee and Smith County, Tennessee as parties to this action are not diverse from the plaintiff who is also a resident of Tennessee.

Because plaintiff has neither pled nor can prove complete diversity of citizenship there is no diversity jurisdiction over this action. Because there is neither federal question or diversity jurisdiction over this action the undersigned recommends that defendant Green Tree's Motion to Dismiss (Docket No. 16) be GRANTED.

    **2.**    **STATE OF TENNESSEE**

Defendant, State of Tennessee, argues dismissal is appropriate under Federal Rule Civil Procedure 12 (b) (1) and (6). Docket No. 19. As grounds, the State argues that any federal claims asserted by plaintiff against it are barred by the 11th Amendment, it is not subject to suit under 42 U.S.C. §1983 because the state is not a "person" and that the doctrine of sovereign immunity has not been waived with respect to any of the state law claims asserted by plaintiff. Docket No. 20. Plaintiff responds that the allegations in the complaint "are factul (sic) and truthful" and that "[T]he state can be sued" according to the Tennessee constitution." Docket No. 41. Plaintiff also asserts that the State is "asking to violate their oath of office as well." *Id.* Plaintiff cites Article 1 section 17 of the Tennessee Constitution in support of his contention along with certain state and federal code sections regarding the authority of the Federal Trade Commission regarding unfair methods of competition; miscellaneous provisions of Article 11 of the Tennessee Constitution and Tennessee Code Annotated Section 47–5–109 regarding fraud and forgery. *Id*. Plaintiff does not respond directly to any of the arguments asserted by the State regarding immunity.

As noted above, while plaintiff references what purport to be federal laws in his complaint, he gives no citation and does not plead any factual basis from which a federal claim could be inferred. In any event, it is well-established that states "possess[ ] certain immunities from suit in state and federal courts." *Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (citations omitted).

There are three exceptions to a State sovereign immunity: (1) when the State has consented to suit; (2) when the exceptions first set forth in *Ex parte Young*, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908), applies; and (3) when Congress has properly abrogated a State's immunity. *Kovacevich v. Kent State Univ.*, 224 F. 3d 806, 817 (6th Cir. 2000). Because

Tennessee has not expressly consented to suit in this case and there is no question that Congress has not abrogated Tennessee immunity here, only the second exception is possibly a basis in this case.

Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 n. 10, 109 S. Ct. 2304. Because plaintiff has not pled any federal claims, this exception is likewise not available.

With respect to the state law claims asserted in the Complaint, this Court does not have jurisdiction as noted above and in any event, the State has not waived sovereign immunity as to these claims and therefore the undersigned recommends that the claims against defendant, State of Tennessee should be Dismissed.

### 3. SMITH COUNTY, TENNESSEE

Defendant, Smith County, Tennessee, incorporates Green Tree's argument that dismissal is appropriate for lack of subject matter jurisdiction. Docket No. 23. Again, plaintiff's response does not address the issues raised by Smith County but rather cites various provisions of the Tennessee Constitution and Tennessee Code and reasserts his contention that the "WHOLE SELL (sic) WAS ILLEGAL." Docket No. 40.

For the reasons stated above, the undersigned recommends that the Defendant Smith County, Tennessee's motion to dismiss for lack of subject matter jurisdiction be granted.

### CONCLUSION

For the reasons stated herein, the undersigned concludes that the court lacks subject matter jurisdiction with respect to the claims asserted in this action and that the defendants' motions to dismiss (Docket Nos. 16, 19, 22) should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                        **JEFFERY S. FRENSLEY**
                                        **U. S. Magistrate Judge**